UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JOBEY L. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-121 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| MICHIGAN DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, P∪B. L. No. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint because it fails to state a claim and Defendant Michigan Department of Corrections is immune from suit.

**Discussion**

    I.       Factual Allegations

Plaintiff currently is incarcerated in the Ionia Maximum Correctional Facility ("ICF"). In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections ("MDOC") for refusing to allow him to enroll in correspondence classes while in administrative segregation in 2005.[1] Before entering administrative segregation, Plaintiff was a student at Ohio University under a college program for prisoners. When he was placed in administrative segregation, however, Plaintiff's status was changed to "active-hold" for six months so he could not participate in any courses.[2] Soon thereafter, Plaintiff enrolled in classes with the Blackstone Career Institute of Emmaus, Pennsylvania, in its Legal Assistant/Paralegal Diploma Program. When his books arrived, Case Manager (Unknown) Vroman denied Plaintiff access to the materials. Vroman further ordered that Plaintiff return the books or they would be destroyed. Plaintiff alleges violations under United States and Michigan constitutions, MDOC Policy Directives, and Michigan statutes. For relief, Plaintiff requests that the MDOC allow him to enroll in correspondence courses.

    II.      Immunity

Plaintiff may not maintain a section 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has

---

[1] In the Michigan Department of Corrections, security classifications, from least to most secure, are: Levels I, II, III, IV, V, VI, and segregation. MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ B (effective Mar. 1, 2004). There are various types of segregation, including administrative segregation and detention. Administrative segregation is the most restrictive and is imposed for institutional security, *e.g.*, when a prisoner poses a serious escape risk. MICH. DEP'T OF CORR., Policy Directive 04.05.120, ¶ J (effective Feb. 14, 2005).

[2] According to MICH. DEP'T OF CORR., Policy Directive 05.02.119 (effective Sept. 9, 2005), only prisoners in the general population or protective segregation may take correspondence courses.

not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Ala. v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court has determined that Defendant MDOC is immune from suit under section 1983.

### III.     Failure to state a claim[3]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). Because

---

[3] The Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Defendant is immune and Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to exhaust any available administrative remedies.

Defendant MDOC is immune from suit under the Eleventh Amendment it is clear that no relief can be granted under any set of facts as alleged in Plaintiff's Complaint. Therefore, the Court will dismiss Plaintiff's Complaint with prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim because Defendant MDOC is immune from suit. Plaintiff's action will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:      /s/ Richard Alan Enslen
April 10, 2006      RICHARD ALAN ENSLEN
      SENIOR UNITED STATES DISTRICT JUDGE