UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JOBEY L. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-121 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| MICHIGAN DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 challenging the Michigan Department of Corrections' ("MDOC") refusal to allow him to enroll in correspondence classes while in administrative segregation. Prior to the Court's Opinion and Judgment dismissing Plaintiff's Complaint, Plaintiff moved to amend his Complaint to allow "pre-litigation relief" in the form of declaratory and injunction relief, to add the "Commission on Corrections" as a third-party defendant, to appoint a master, and to certify his action as a class action. The Court believes Defendant sought to amend his Complaint to add the MDOC as a Defendant but erroneously identified it as the Commission on Corrections. Even though the Court construed Plaintiff's original Complaint as seeking relief against the MDOC and the amendment is superfluous, the Court will allow the amendment because a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. FED. R. CIV. P. 15(a). Plaintiff's motion will be granted only to the extent that he seeks to add the MDOC as a Defendant. This Court will deny Plaintiff's requests for pre-litigation relief, to appoint a master, and to certify his action as a class action. Indigent parties in civil cases have no constitutional right to a court-appointed attorney, *see Abdur-*

*Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995), and Plaintiff is not an appropriate class representative.[1]

On April 10, 2006, the Court entered an Opinion and Judgment dismissing Plaintiff's action because his Complaint failed to state a claim and Defendant MDOC was immune from suit. Plaintiff filed a Motion for Reconsideration on April 28, 2006. Because Plaintiff filed his motion more than ten days after the effective date of the Judgment dismissing his suit, the motion was untimely under FED.R.CIV.P. 59(e). Accordingly, the Court will construe Plaintiff's motion for reconsideration as a motion for relief from judgment brought pursuant to FED.R.CIV.P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

In his Motion for Reconsideration, Plaintiff first argues that the Court erroneously construed Defendant's "Policy Directive 05.02.119 and Operating Procedure 05.02.119" as the MDOC, and therefore, the Court should not count Plaintiff's dismissal as a strike for purposes of 28 U.S.C. § 1915(g). Policy Directives and Operating Procedures are not legal entities subject to suit. Based on several references to the MDOC in Plaintiff's Complaint, and Plaintiff's motion to amend his Complaint to add the MDOC as a Defendant, this Court correctly construed the MDOC as a

---

[1] For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). The Sixth Circuit follows the Fourth Circuit's decision in *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975), which held that incarcerated *pro se* litigants are inappropriate class representatives. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000).

Defendant in Plaintiff's action. Plaintiff now wishes to amend his Complaint by adding Defendants MDOC Director Patricia Caruso and Case Manager (Unknown) Vroman. This Court has no discretion in allowing an amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612. Plaintiff therefore may not amend his complaint to add additional defendants.

Second, Plaintiff claims that Policy Directive 05.02.119, which provides that only prisoners in the general population or protective segregation may take correspondence courses, violates his rights under the Equal Protection Clause because the policy treats prisoners in administrative segregation different than prisoners in the general population or protective segregation. A claim that Plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Rather, Plaintiff must show that he was victimized by some suspect classification. *Id*. Absent some allegation or proof that the law was applied differently to Plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated. *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985). Since Plaintiff failed to allege that he is a member of a suspect classification, he fails to state an equal protection claim.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (Dkt. No. 5) is **GRANTED** only to add the Michigan Department of Corrections as a Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 13) is **DENIED**.

DATED in Kalamazoo, MI:  
May 22, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE